# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

Case No. 2:97-cr-027
Judge Sargus

**CALVIN L. SANKEY,**

    **Defendant.**

## ORDER

For the reasons stated herein, Defendant's motion for correction of his sentence (Doc. 37) is **DENIED**. Defendant contends that the Court erred in imposing a sentence without parole. Defendant's motion, which is filed pursuant to Rule 35(a),[1] fails for two reasons. First, as the docket of this case reveals, Defendant was convicted in 1997 for criminal conduct occurring in 1996. Thus, despite his contentions to the contrary, Defendant was sentenced long after Congress repealed 18 U.S.C. § 4205. *See* Comprehensive Crime Control Act of 1984, sec. 218, Pub. L. No. 98-473, 98 Stat. 1837, 2027. Second, Defendant's Rule 35(a) motion is untimely, as, pursuant to the version of the rule in effect at the time of his conviction, a motion made pursuant to the rule should have been filed within 7 days of the imposition of the allegedly erroneous sentence. *See* FED. R. CRIM. P. 35(c) (effective December 1, 1996). Defendant's motion is

---

[1] To the extent Defendant's motion can be construed as being filed pursuant to 28 U.S.C. § 2255, as Defendant has previously sought relief under that statute, the Court lacks jurisdiction to consider the motion absent authorization for filing a successive petition from the Sixth Circuit. Further, as noted by the Government, Defendant's motion also appears untimely.

accordingly denied and Civil Action number 2:11-cv-451 is dismissed.

**IT IS SO ORDERED.**

<pre>
   12-30-2011                          /s/
DATED                          EDMUND A. SARGUS, JR.
                               UNITED STATES DISTRICT JUDGE
</pre>